# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Revocation of Probation or Supervised Release) |
| V. | CASE NUMBER: 3:04-cr-204-J-32MCR |
| | USM NUMBER: 30697-018 |
| MICHAEL SHANNON ASBERRY | |
| | Defendant's Attorney: James H. Burke, Jr. |

## THE DEFENDANT:

__X__ admitted guilt to violation of charge numbers One (1) and Two (2) of the term of supervision.

__ was found in violation of charge number(s)___ after denial of guilt.

| Violation Charge No. | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | New criminal conduct, Person in Actual or Constructive Possession of Cocaine, Resisting With Violence, and Escape, occurring on May 18, 2008, while on supervision in violation of the conditions of supervision | May 18, 2008 |
| 2 | Failure to submit written monthly reports in violation of Condition Number Two of Standard Conditions of Supervision | May 5, 2008 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has not violated charge number(s)__ and is discharged as to such violation charge(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: July 28, 2008

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE
DATE: July 30, 2008

Case 3:04-cr-00204-TJC-MCR Document 88 Filed 07/30/08 Page 2 of 3 PageID 147
AO 245B (Rev. 06/05) Judgment in a Criminal Case for Revocation
Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: MICHAEL SHANNON ASBERRY | Judgment - Page 2 of 4 |
| Case No.: 3:04-cr-204-J-32MCR | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **ONE (1) YEAR AND ONE (1) DAY.**

__X__ The Court makes the following recommendations to the Bureau of Prisons:

- **Incarceration as close to Jacksonville, Florida as possible**

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district:

     ____ at _____ a.m. p.m. on _____.

     ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ____ before 2 p.m. on _____.

     ____ as notified by the United States Marshal.

     ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Defendant: MICHAEL SHANNON ASBERRY | Judgment - Page 3 of 4 |
| Case No.: 3:04-cr-204-J-32MCR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release **FOR THE TERM WHICH IS REMAINING PURSUANT TO DEFENDANT'S JUDGMENT DATED AUGUST 3, 2005 (DOC. 61).**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

_ The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

_ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court and all conditions in defendant's Judgment dated August 3, 2005 (Doc.61).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.